# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY JAIL, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01351-SAB-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a former Fresno County Jail inmate proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] and Local Rule 302. Currently before the Court is Plaintiff's complaint, filed September 3, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on September 14, 2015. (ECF No. 4.)

1

1 1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be
2 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
3 that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss
4 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
5 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
6 liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572
7 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff claims that officers at the Fresno County Jail subjected him to inadequate medical care.  Plaintiff names the following individual defendants: Officer Walton; Corporal Oliver; Lt. R. Diaz; Officer Nichols; Corporal Ybarra; Officer Yang; Officer Hernandez; Officer Garcia; Officer Montoya; Officer Singh; Officer Mendoza; Officer Scott.  Plaintiff's statement of claim is that Defendants failed to provide medical care in violation of the Eighth Amendment. Plaintiff fails, however to include a statement of facts to support his claim.  Plaintiff refers the Court to an attached statement of facts.  Attached to Plaintiff's complaint are copies of various documents, interspersed with what appears to be allegations and legal argument.

Plaintiff is advised that in order to state a claim for relief, Plaintiff must allege facts that support his claims for relief.  Plaintiff does not need to attach documents to his complaint, and the Court will not refer to other documents to make the complaint complete.  Plaintiff must set forth his claim, and set forth facts in support of his claim.  Legal argument is not necessary.  The Court will provide Plaintiff with the following guidance.

## III.

## DISCUSSION

### A. Civil Rights Act

The Civil Rights Act under which this action proceeds provides for liability for state actors that cause "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C.§ 1983.  The statute plainly requires that there be an actual connection

or link between the actions of the defendants, and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In other words, Plaintiff must allege facts indicating personal involvement by each Defendant.

### B.  Medical Care

Plaintiff claims that Defendants failed to provide him medical care in violation of the Eighth Amendment. Plaintiff does not indicate whether he was a pretrial detainee at the time of the events complained of, or whether he was serving a sentence of confinement pursuant to a judgment of conviction. While the deliberate indifference standard is applied under Constitutional provision, the Due Process Clause of the Fourteenth Amendment governs claims for denial of medical care as a pretrial detainee. See Redman v. County of San Diego, 942 F.2d 1435, 1442-43 (9th Cir. 1991)(applying deliberate indifference standard to pretrial detainees through the Due Process Clause of the Fourteenth Amendment.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v.

1  Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or
2  failure to respond to a prisoner's pain or possible medical need" and the indifference caused
3  harm. Jett, 439 F.3d at 1096.

4       In applying this standard, the Ninth Circuit has held that before it can be said that a
5  prisoner's civil rights have been abridged, "the indifference to his medical needs must be
6  substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
7  cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing
8  Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing
9  or treating a medical condition does not state a valid claim of medical mistreatment under the
10 Eighth Amendment. Medical malpractice does not become a constitutional violation merely
11 because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern,
12 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate
13 indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.
14 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not
15 support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

**IV.**

**CONCLUSION AND ORDER**

18      Because Plaintiff has not alleged any facts in support of his complaint, the complaint fails
19 to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended
20 complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).
21 Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended
22 complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

23      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
24 each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.
25 Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the
26 duties and responsibilities of each individual defendant whose acts or omissions are alleged to
27 have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).
28 Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed September 3, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **January 20, 2016**

UNITED STATES MAGISTRATE JUDGE